# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY BARNES and CAROL  )
NEWELL,                 )
                        )
      Plaintiffs,      )
                        )
v.                      )    CIV-14-574-R
                        )
WESTERN EXPRESS, INC., a )
   Tennessee Corporation et al., )
                        )
      Defendants.     )

## ORDER

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Western Express, Inc. (Doc. No. 43) and the Motion for Partial Summary Judgment filed by Defendant YRC, Inc. (Doc. No. 46). Plaintiffs responded to the motion filed by YRC, which raises the identical issue to that raised in the motion to which Plaintiffs did not file a response. Because the issues are legal in nature, the Court has construed Plaintiffs' response to Defendant YRC's motion as addressing both motions. Having considered the parties' submissions, the Court finds as follows.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted if the movant establishes there is no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of material fact exists, the Court must construe the evidence in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

This cases arises from a multi-vehicle accident in western Oklahoma on March 31, 2012. Plaintiffs seek relief against Defendant Western Express and its driver Thomas Schneider as well as from YRC and its driver James Crittenden. Western Express and YRC both have admitted or stipulated that their respective driver was acting within the scope of employment at the time of the accident, thereby admitting vicarious liability in the event their particular driver is found to have been negligent with regard to the accident. As a result, each Defendant seeks summary judgment on any direct claim Plaintiffs may be pressing for negligent hiring, training, supervision, retention and entrustment, citing *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997).[1]

In response to YRC's motion for summary judgment Plaintiffs argue that YRC created disputed issues of fact by denying independent negligence in response to Plaintiffs' complaint. Plaintiffs contend there is evidence that Defendant Crittenden had been fired from his prior employment for causing a collision, that YRC did not require him to pass a road test before allowing him to drive, and that he had three prior accidents while driving for YRC. Plaintiffs also assert that a recent case from the Oklahoma Supreme Court, *Sheffer v. Carolina Forge Company, L.L.C.*, 306 P.3d 544 (Okla. 2013), operates to limit *Jordan*, so as to permit their negligent entrustment theory to proceed.

> Oklahoma recognizes a cause of action for negligent hiring, supervision and retention. *See Jordan v. Cates*, 935 P.2d 289 (Okla. 1997). Such a claim is a vehicle by which an employer can be held liable for its employee's intentional torts in circumstances where the employer either denies that the

---

[1] The Court notes that no such claims are found in the petition, however, Plaintiffs do not disclaim any attempt to pursue such a theory despite its absence from the petition.

alleged wrong doer was in its employ, or denies *respondeat superior* liability, that is, that the alleged wrongful act occurred within the employee's scope of employment. *Id.* at 292.

*Aldridge v. Indian Electric Cooperative*, 2008 WL 1777480, *7 (N.D.Okla. April 17, 2008).

*Jordan*, as cited by *Aldridge*, involved a claim of battery by a customer against an employee of a convenience store and the store owner. The customer alleged both *respondeat superior* and a direct claim of negligent hiring because the employer knew or should have known the employee had violent tendencies. The Oklahoma Supreme Court held that summary judgment was appropriate in favor of the employer "because the negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred." *Id.* at 291. The court distinguished cases cited by the plaintiff permitting recovery for negligent hiring, because those cases did not involve stipulations that the employees were acting within the scope of their employment, and thus the plaintiffs were permitted to pursue alternative theories of direct and respondeat superior liability. *Id.* at 292. "Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making nay other theory for imposing liability on the employer unnecessary and superfluous." *Id.* at 293.

In *N.H. v. Presbyterian Church*, 1999 Oklahoma 88, ¶ 20, 998 P.2d 592, the court reiterated its holding in *Jordan*:

> Employers may be held liable for negligence in hiring, supervising or retaining an employee. In such instances recovery is sought for the employer's negligence. The claim is based on an employee's harm to the third party

3

>through employment. An employer is found liable, if—at the critical time of the tortious incident—, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the of the servant's propensity to commit the very harm for which damages are sought. In Oklahoma, the theory of recovery is available **if vicarious liability is not established.**

(Footnotes omitted)(emphasis added).

In *Sheffer*, relied upon by Plaintiffs, the employer did not stipulate or admit liability or that its employees were acting within the scope of their employment, distinguishing this case from *Jordan* and the federal decisions relying on *Jordan.* As such, the direct claim for negligent entrustment was not superfluous, if the plaintiffs failed to prove that the employees were acting within the scope of their employment, they could nevertheless prevail on a theory of negligent entrustment. The court's finding that "whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis," *id.* at 550, was therefore not unexpected or inconsistent with *Jordan.* To permit Plaintiffs' claims herein to move forward in the presence of the stipulation, however, would be contrary to Oklahoma law.

The Court herein adopts the position espoused by the federal courts in Oklahoma both before and after *Sheffer*, most notably, *Guerrero v. Meadows*, Case No. CIV-14-0537-F (W.D.Okla. Oct. 15, 2014) and *Fisher v. National Progressive, Inc.*, 2014 WL 7399185 (W.D.Okla. Dec. 29, 2014), and concludes that regardless of any factual dispute as to the knowledge Defendant YRC possessed regarding Mr. Crittenden's driving record, that its stipulation as to vicarious liability precludes any negligent entrustment claim. *See also*

*Dowuona-Hammond v. Integris Health*, 2011 WL 134923 at *3 (W.D. Okla. 2011) ("[b]ecause there is vicarious liability there can be no negligent hiring, retention, or supervision claim"); *Chamberlain v. Thomas*, 2012 WL 4355908 at *1 (W.D. Okla. 2012) (granting defendant summary judgment on negligent hiring, training supervising, entrusting, and or retaining claims, where defendant stipulated the employee in question was its agent acting within the scope of his agency at the time of the accident); *Avery v. Roadrunner Transportation Services*, Inc., 2012 WL 6016899 at *3 (W.D. Okla. 2012) ("Absent a clear deviation from this established legal principle by the highest court in Oklahoma, Plaintiff's negligent TSE/R [training, supervision, entrustment, and retention] claim will not be permitted"); *Johnson v. Dillard's, Inc.*, 2005 WL 2372153 at *6 (W.D. Okla. 2005) ("defendant's liability, if any, must be based upon respondeat superior or vicarious in nature; the theory of negligent hiring and/or retention by defendant is not available to plaintiffs as a basis for recovery against defendant."); *Landreville v. Joe Brown Co., Inc.*, 2009 WL 1437801 at *3-4 (E.D. Okla. 2009) ("The language of *Jordan* is unequivocal and not limited in its scope of negligence theory. The Oklahoma Supreme Court expressly stated that when an employer admits liability for its employee, the act of admission makes any other theory for imposition [of] liability on the employer unnecessary and superfluous.")(citations and quotations omitted); *Henderson v. Choctaw County City of Hugo Hosp. Authority*, 2010 WL 2104670 at *4 (E.D. Okla. 2010) (accord); *Aldridge v. Indian Elec. Cooperative*, 2008 WL 1777480 at *8 (N.D. Okla. 2008) (same). Among these case are multiple decisions rejecting Plaintiff's argument that *Jordan* is limited to intentional torts, and indeed, the Court cannot

conceive of a logical basis for limiting its application to such torts. For the reasons set forth above, Defendants are entitled to partial summary judgment on Plaintiffs' claims.

The motions for summary judgment filed by Defendant Western Express, Inc. (Doc. No. 43) and Defendant YRC (Doc. No. 46) are hereby GRANTED.

IT IS SO ORDERED this 7th day of May, 2015.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE